UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SHAYLENE B., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. C18-5981 RBL-TLF <br><br> REPORT AND RECOMMENDATION TO REVERSE AND REMAND FOR ADDITIONAL PROCEEDINGS <br><br> Noted for October 25, 2019 |

Plaintiff has brought this matter for judicial review of defendant's denial of her application for supplemental security income (SSI) benefits. This matter has been referred to the undersigned Magistrate Judge. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a)(4). For the reasons below, the undersigned recommends that the Court reverse the Commissioner's decision to deny benefits and remand for further proceedings.

## I. ISSUE FOR REVEW

Did the ALJ err in rejecting a portion of the opinion of Dr. Rivero, a non-examining medical expert?

## II. BACKGROUND

Plaintiff filed an application for supplemental security income benefits in December 2013, alleging disability onset beginning January 1, 1993. Dkt. 6, Administrative Record (AR) 15. The application was denied initially and on reconsideration. *Id.* After two hearings on April

REPORT AND RECOMMENDATION TO REVERSE AND
REMAND FOR ADDITIONAL PROCEEDINGS - 1

22, 2016, AR 38-63 (hearing transcript), and June 30, 2017, AR 64-97 (hearing transcript), an administrative law judge (ALJ) determined that plaintiff was not disabled. AR 29. The appeals council denied plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. AR 1. Plaintiff filed a complaint with this Court, seeking reversal and remand for an award of benefits.

The Commissioner uses a five-step sequential evaluation process to determine if a claimant is disabled. 20 C.F.R. § 416.920. The ALJ assesses the claimant's RFC to determine, at step four, whether the plaintiff can perform past relevant work, and if necessary, at step five to determine whether the plaintiff can adjust to other work. *Kennedy v. Colvin*, 738 F.3d 1172, 1175 (9th Cir. 2013). The ALJ has the burden of proof at step five to show that a significant number of jobs that the claimant can perform exist in the national economy. *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999); 20 C.F.R. § 416.920(e).

Using the five-step sequential evaluation process in this case, the ALJ found:

*Step one*: Plaintiff has not engaged in substantial gainful activity since the application date of December 20, 2013. AR 17.

*Step two*: Plaintiff has these severe impairments: mild obstructive sleep apnea, mild tachycardia, fibromyalgia, post Lyme disease syndrome, and history of seizure disorder. *Id*.

*Step three*: These impairments do not meet or equal the requirements of a listed impairment. AR 20.

*Residual functional capacity (RFC)*: Plaintiff has the RFC to perform sedentary work. She must be permitted to use a hand held assistive device such as a cane at all time while standing and walking. She can never climb ladders, ropes or scaffolds and never crawl. She can occasionally climb ramps and stairs; occasionally balance, stoop, kneel and crouch. She must

avoid concentrated exposure to extreme temperature, humidity, vibrations, and hazards. She should not be required to drive as part of regular job responsibilities. *Id*.

*Step four*: The claimant has no past relevant work. AR 28.

*Step five*: Considering the plaintiff's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the plaintiff can perform, therefore she is not disabled. AR 29.

### III. DISCUSSION

The Court will uphold an ALJ's decision unless: (1) the decision is based on legal error, or (2) the decision is not supported by substantial evidence. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). This requires "more than a mere scintilla," though "less than a preponderance" of the evidence. *Id.*; *Trevizo v. Berryhill*, 871 F.3d 664, 674-75 (9th Cir. 2017).

"If the evidence admits of more than one rational interpretation," the Court must uphold the ALJ's finding. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). It is unnecessary for the ALJ to "discuss *all* evidence presented". *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original). The ALJ must only explain why "significant probative evidence has been rejected." *Id.*  The Court should consider that "'[w]here there is conflicting evidence sufficient to support either outcome,'" the Court "'must affirm the decision actually made.'" *Id.* (quoting *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971)).

The Court must consider the administrative record as a whole. *Garrison v. Colvin,* 759 F.3d 995, 1009 (9th Cir. 2014). It must weigh both the evidence that supports, and evidence that does not support, the ALJ's conclusion. *Id.* The Court considers in its review only the reasons the ALJ identified and may not affirm for a different reason. *Id.* Furthermore, "[l]ong-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and actual findings offered by the ALJ—not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of SSA*, 554 F.3d 1219, 1225-26 (9th Cir. 2009) (citations omitted).

Plaintiff challenges the ALJ's decision discounting a portion of the medical opinion of one non-examining physician, Dr. Maria Rivero. Dkt. 1. In Social Security cases, medical opinions are given by three types of physicians: (1) treating physicians, (2) examining physicians, and (3) non-examining, or reviewing, physicians. *Lester v. Chater,* 81 F.3d 821, 830 (9th Cir. 1996); *see* 20 C.F.R. § 404.1527(d).

A non-examining source's opinion is generally entitled to less weight than a treating or examining opinion. *Lester*, 81 F.3d at 830-31. An ALJ "may reject the opinion of a non-examining physician by reference to specific evidence in the medical record." *Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998). "[A]n ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than . . . criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion." *Garrison v. Colvin*, 759 F.3d 995, 1012-13 (9th Cir. 2014).

Dr. Rivero testified as an impartial medical expert at the June 30, 2017 hearing. AR 68-81. Dr. Rivero reviewed the exhibits offered and identified medically-determinable impairments of seizure disorder, celiac disease, chronic pain and fatigue, naturopath-diagnosed chronic Lyme

disease, and rheumatologist-diagnosed fibromyalgia. AR 69. Dr. Rivero testified that the plaintiff's condition did not meet or equal a Social Security listing. AR 71.

The ALJ asked Dr. Rivero about the expected frequency or occurrence of interruptions during the work day due to the plaintiff's condition and Dr. Rivero testified that due to fatigue and pain from fibromyalgia the plaintiff would be off task from 20-25% of the workday; she also opined that it was difficult from the record to predict the actual number of days plaintiff may be absent from work. AR 73, 77, 81.

When asked about flare ups of fibromyalgia, Dr. Rivero noted she could not get a clear pattern from the records but that flares are part of the disease and vary by individual. AR 77. The plaintiff's attorney then asked that if, theoretically, flare-ups were occurring twice a month, would the individual miss two or more days of work. *Id*. Dr. Rivero answered yes, in theory, and the plaintiff would be off task due to sleep difficulty and the use of medication. AR 77-78. In response to the plaintiff's attorney clarifying that "even without [flare-ups] [the plaintiff] would be off task probably 20% or greater of the time?" Dr. Rivero answered - yes. AR 78.

The ALJ was required to reference specific evidence in the medical record in rejecting the opinion of a non-examining physician. *See Sousa*, 143 F.3d at 1244. In his decision, the ALJ gave little weight to Dr. Rivero's opinion that the plaintiff would be off task 20-25% of the time because it was "not supported by objective evidence, the treating record and the claimant's lack of interest in treatment." AR 27.

Specifically, the ALJ noted there is no evidence the plaintiff currently had Lyme disease. *Id*. Additionally, he noted that Dr. Rivero said the plaintiff's symptoms could be attributed to fibromyalgia, but the record used as a basis for that diagnosis was a one-time exam that showed 12-of-18 tender points, and it is unclear whether the exam was performed by an acceptable

medical source. *Id*. The ALJ also noted that the plaintiff's seizures were well controlled during the alleged period of disability and that the residual functioning capacity limits on exertion would reduce pain and reduce the likelihood of distraction and off task activity. *Id*.

Dr. Rivero testified that, due to pain, fatigue and the effects of medication, the plaintiff would be off task 20-25% of the time. AR 73, 77-78, 81. The ALJ rejected that opinion as not supported by objective evidence or the treating record. AR 27. The ALJ referenced a lack of Lyme disease and indicated that the fibromyalgia diagnosis was solely based on a one-time tender point exam. *Id*. Yet, the record indicates a long history of chronic pain and fatigue, consistent with the pain, fatigue and medication effects that Dr. Rivero referenced as the basis for her opinion that the plaintiff would be off task 20-25% of the time. *See* AR 319 (2/25/2013); 365 (6/22/2012); 423 (11/04/2013); 476 (7/16/2014); 485 (5/15/2014).

Regarding the tender-point test for fibromyalgia, AR 496, the Ninth Circuit has noted that the typical symptoms of fibromyalgia are "chronic pain throughout the body, multiple tender points, fatigue, stiffness, and a pattern of sleep disturbance that can exacerbate the cycle of pain and fatigue." *Revels v. Berryhill*, 874 F.3d 648, 656 (9th Cir. 2017) (quoting *Benecke v. Barnhart*, 379 F.3d 587, 590 (9th Cir. 2004)). Further, fibromyalgia is diagnosed entirely on the basis of the patients' reports of pain and other symptoms and there are no laboratory tests to confirm the diagnosis. *Id*. *See* Social Security Ruling 12-2p. Considering the use of reported symptoms and the inability to rely on a single laboratory test to diagnose fibromyalgia, the ALJ's reference to the one-time tender point test does not constitute sufficient specific evidence in the medical record to reject Dr. Rivero's opinion that the plaintiff would be off task 20-25% of the time.

The ALJ also referenced the "claimant's lack of interest in treatment" as reason to reject

1   Dr. Rivero's opinion that the plaintiff would be off task 20-25% of the time due to pain, fatigue
2   and the effects of medication. AR 27. But the ALJ fails to identify any specific evidence in the
3   medical record that would possibly support this rationale.

4       Further, the ALJ does not acknowledge or explain the portions of the record that may
5   illuminate the plaintiff's treatment history. For example, at the hearing on June 30, 2017, the
6   plaintiff testified she had attempted to go to the doctor a few times but had insurance difficulties.
7   AR 83. She also said she had issues finding a doctor who might understand her symptoms or
8   how to proceed with treatment. AR 87. Additionally, at the initial hearing of April 22, 2016, the
9   plaintiff testified that she had been on prescription pain medication but after a while refused to
10  take it for fear of becoming addicted. AR 49.

## IV. REMAND FOR FURTHER PROCEEDINGS

12      If an ALJ makes an error and there is uncertainty and ambiguity in the record, the district
13  court should remand to the agency for further proceedings. *Leon*, 880 F.3d at 1045 (quoting
14  *Treichler v. Comm'r of Social Sec. Admin.,* 775 F.3d 1090, (9th Cir. 2014). If the district court
15  concludes that additional proceedings can remedy the errors that occurred in the original hearing,
16  the case should be remanded for further consideration. *Revels*, 874 F.3d at 668.

17      Uncertainty and ambiguity exists in the record. The ALJ erred in rejecting Dr. Rivero's
18  opinion as to the amount of time the plaintiff would be off task by failing to cite sufficient,
19  specific reference to the medical record. This error was not harmless, as a finding that the
20  plaintiff would be off task more than 20% of the time would result in a determination that she is
21  disabled. AR 60 (testimony of vocational expert that a 20% or more reduction in overall
22  productivity as compared to the average worker would render individual unable to sustain
23  competitive employment). Additional proceedings are required for the ALJ to again review the

record, acquire additional evidence if necessary, and review and re-weigh Dr. Rivero's opinion.

## V. CONCLUSION

The Court should REVERSE the Commissioner's decision to deny benefits, and this matter should be REMANDED for further administrative proceedings consistent with this opinion.

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); FRCP 6; FRCP 72(b)(2). Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). If objections are filed, the parties shall have **fourteen (14) days** from the service of the objections to file a response. FRCP 72(b)(2). Accommodating this time limitation, this matter shall be set for consideration on October 25, 2019, as noted in the caption.

Dated this 27th day of September, 2019.

Theresa L. Fricke
United States Magistrate Judge